**E-FILED**
Thursday, 31 January, 2013  02:58:14 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHAWN DAMPEER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 12-CV-2053 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION

On February 23, 2012, Petitioner, Shawn Dampeer, filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255 (#1). On July 2, 2012, the Government filed its Motion to Dismiss Petitioner's Motion to Correct Sentence and Response (#6). On July 20, 2012, Petitioner filed his Reply (#8). This court has reviewed the briefs filed. Following this careful review, Petitioner's petition is DISMISSED.

## ANALYSIS

On April 5, 2002,  in case 02-CR-20026, Petitioner was charged by the indictment with distribution of over five grams of cocaine base ("crack") in violation of 21 U.S.C. §§841(a)(1) and (B)(1(B). Petitioner had two prior felony convictions in Illinois state court: an aggravated battery charge and an aggravated discharge of a firearm. From those two convictions, the probation office recommended, and this court accepted, a finding that Petitioner qualified as a career offender. Petitioner pleaded guilty in an open plea on February 28, 2003. On June 6, 2003,

this court sentenced him to a term of 262 months. Petitioner filed his appeal on June 19, 2003,

which the Seventh Circuit dismissed on January 12, 2004.

On August 2, 2004, Petitioner filed his first motion under 28 U.S.C. § 2255, challenging

his conviction and sentence under *Blakely v. Washington*, 542 U.S. 296 (2004). (04-CV-2149).

The court denied his motion on September 21, 2004, noting that *Blakely* was not retroactively

applicable to cases on collateral review.

On February 23, 2012, Petitioner filed the present Motion (#1). He used the standard 28

U.S.C. § 2255 form, arguing that neither of his prior convictions of aggravated discharge of a

firearm or aggravated battery qualified as a "violent felony" within the meaning of the Armed

Career Criminal Act. However, on the last page of his filing, he also sought relief under 28

U.S.C. § 2241. Following the Government's Motion to Dismiss (#6), which solely argued this

court's lack of jurisdiction to grant relief pursuant to § 2255(h)(1)-(2), Petitioner also filed a

Reply (#8) that focused on § 2241 relief. This is the wrong district in which to file a § 2241

petition. Section 2241 relief requires, in pertinent part, that the "order of a circuit judge shall be

entered in the records of the district court of the district wherein the restraint complained of is

had." 28 U.S.C. § 2241; *see Collins v. Holinka*, 510 F.3d 666 (7th Cir. 2007) (noting that an

inmate at FCI Oxford, Wisconsin but sentenced in the District of Minnesota correctly filed his §

2241 motion in the Western District of Wisconsin, and that if it had been a § 2255 motion, he

should have filed it in the District of Minnesota.) Petitioner's complaint indicates that he is

confined at FCI Manchester, Kentucky. The Eastern District of Kentucky has jurisdiction over

that facility. A search of the docket at that court did not reveal any extant filings under

Petitioner's name.

Regarding his § 2255 motion, the Government is correct that Petitioner has already filed a motion under 28 U.S.C §2255. On August 4, 2004, in No. 04-CV-2149, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C §2255. On September 21, 2004, this court denied Petitioner's motion.

Here, § 2255(h) requires that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeal." 28 U.S.C §2255(h). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C §2244(b)(3)(A). This court lacks jurisdiction to rule on a successive application without permission. *Curry v. United States*, 507 F.3d 603, 605 (7th Cir. 2007). Petitioner neither sought nor received permission from the Seventh Circuit Court of Appeals to file a second §2255 motion before filling the present motion. Accordingly, this court must dismiss Petitioner's petition (#1).

Even if Petitioner had obtained the requisite permission, which he did not, his claim still fails. Section 2255(h) only recognizes two circumstances under which the Court of Appeals may certify a second or successive motion:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C §2255(h)(1)-(2). Petitioner challenges the validity of his sentencing in light of *Begay v. United States,* 553 U.S. 137 (2008). In *Begay*, the Supreme Court held that the New Mexico felony offense of driving under the influence of alcohol (DUI) is not a "violent felony" for the purpose of 18 U.S.C. § 924(e) because that offense did not have a similar *mens rea* element as

2:12-cv-02053-MPM-DGB   # 9   Page 4 of 5

the statute's exemplars. *Begay v. United States*, 553 U.S. 137, 144-45, (2008). While burglary, arson, or extortion required intent, statutes that forbid driving under the influence tend to require recklessness, or are mostly comparable to those imposing strict liability. *Id.* Therefore, driving under the influence did not qualify as a "violent felony" because the conduct for which a drunk driver is convicted requires only accidental, negligent, or reckless conduct *Id.* at 148. The reasoning in *Begay* also applies to the sentencing structure in the present case, U.S.S.G. § 4B1.2's definition of a "crime of violence". *United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008). In § 4B1.2, the term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2. Because *Begay* interpreted 18 U.S.C. § 924(e) (and that interpretation is applied similarly to U.S.S.G. § 4B1.2), it is a new rule involving statutory interpretation, not a new rule of constitutional law. *United States v. Wyatt*, 672 F.3d 519, 522 (7th Cir. 2012); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Accordingly, because Petitioner does not provide any "newly discovered evidence", and because *Begay* is not a new constitutional rule, this court is not permitted to allow him to pursue a second or successive § 2255 motion.


**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Petitioner

- 4 -

must show that jurists of reason would find it debatable whether his Motion states a valid claim

of the denial of a constitutional right and also must show that jurists of reason would find it

debatable whether this court was correct in its procedural ruling. *See Slack v. McDaniel*, 529

U.S. 473, 484 (2000); *see also Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009). This court

concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a

valid claim of the denial of a constitutional right and also concludes that jurists of reason would

not find it debatable that this court correctly found that the Motion is barred by his first petition.


IT IS THEREFORE ORDERED THAT:

>  (1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C.

>     §2255 (#1) is DISMISSED for lack of jurisdiction.

>  (2) A certificate of appealability is DENIED.

>  (3) This case is terminated.

ENTERED this day of 2012

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE
